**In re BEACH DEVELOPMENT, LP, Debtor.**

No. 03–80223–G3–7.

United States Bankruptcy Court, S.D. Texas, Galveston Division.

Jan. 23, 2008.

Anne E. Catmull, McClain & Patchin, P.C., Richard Anthony Battaglia, Richard A. Battaglia, P.C., Houston, TX, Gerson Darrell Bloom, Attorney at Law, Galveston, TX, for Debtor.

Allison Davison Byman, Tye Hancock, Thompson Knight LLP, Houston, TX, for Randy W. Williams.

Randy W. Williams, Thompson & Knight LLP, Houston, TX, pro se.

Ellen Maresh Hickman, Houston, TX, for U.S. Trustee.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has held a trial on the "Objection of Robert M. Hytken, Creditor to Claim of Richard D. Johnston, Receiver" (Docket No. 222), together with the "Supplement to Robert Hytken's Objection to the Claim of Richard D. Johnston" (Docket No. 262). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Beach Development, LP ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 4, 2003. On January 28, 2004, the court ordered appointment of a Chapter 11 Trustee. On February 2, 2004, Randy W. Williams was appointed as Chapter 11 Trustee. On August 27, 2004, the case was converted to Chapter 7. Randy W. Williams is the Chapter 7 Trustee.

In the instant claim objection, Joy S. Weinberg, the administrator of Robert Hytken's probate estate (whom the court has previously determined to have an equity security interest which Kent Hytken held as Robert Hytken's nominee) objects to the claim filed in the instant case by Richard D. Johnston, the receiver appointed by the 312th Judicial District Court of Harris County, Texas to take possession of Kent Hytken's interest in Debtor. Johnston was removed as receiver, and William B. Carroll was appointed in his place.

The proof of claim filed by the receiver asserts an unsecured nonpriority claim, in an unspecified amount. Attached to the proof of claim is a document, titled "Receiver's Claim," specifying that the receiver claims 98% of the equity interest in Debtor, based on the state court judgment establishing the receivership. The receiver asserts that, as a result of amounts owed by Kent Hytken to Marisa Gayne, the receivership has a monetary claim against the bankruptcy estate.

In the instant claim objection, Weinberg raises three arguments: 1) that the amounts stated in the proof of claim have been paid in full; 2) that the receiver was fraudulently paid funds from a sale of real property; and 3) that the receiver owes money to Robert Hytken.

This court has previously determined that Weinberg may assert Robert Hytken's equity security interest in Debtor against the receivership estate in the 312th Judicial District Court of Harris County, Texas.

### Conclusions of Law

■ Section 502(b)(1) of the Bankruptcy Code provides that, if objection to a claim is made, the court:

shall determine the amount of such claim in lawful currency of the United States as of the date of filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

■ When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a *prima facie* case against the debtor's assets. The objecting party must produce evidence rebutting the presumption raised by the proof of claim. If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim. The claiming party, through this process, bears the ultimate burden of proof. *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir.1988).

The Bankruptcy Code defines a "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liqui-dated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured

11 U.S.C. § 101(5).

■ The term "claim" does not include an equity security interest. *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508 (5th Cir. 2004). The term "equity security" is defined in the Bankruptcy Code as:

(A) share in a corporation, whether or not transferable or denominated "stock", or similar security;

(B) interest of a limited partner in a limited partnership; or

(C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16).

■ The determination of whether a particular document gives rise to a claim depends on whether it gives rise to a right to payment independent of the equity security. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508 (5th Cir.2004).

In the instant case, although styled as a claim, what the receiver asserts is an interest in the equity of the Debtor. Nothing in the proof of claim asserts a right of payment against Debtor independent of the equity security. The court concludes that the receiver holds an equity security interest in the Debtor. This court notes, however, that at least a portion of the equity security interest is held by the re-

ceiver as a nominee for Robert Hytken. This court leaves to the state court the determination of the values of the respective interests of Robert Hytken and other parties holding an interest in the receivership estate.

Based on the foregoing, a separate conforming Judgment will be entered.